UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PALATIUM CARE, INC.,

      Plaintiff, Counterclaim Defendant,

      v.

NOTIFY, LLC and LUCAS NARBATOVICS,

      Defendants, Counterclaim Plaintiffs.

Case No. 2:22-cv-00217

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

For their joint Answer to the Complaint of Plaintiff, Defendants, Notify, LLC ("Notify") and Lucas Narbatovics ("Narbatovics"), appearing through their undersigned counsel, deny every allegation contained in the Complaint except as hereafter admitted or qualified. Further, Defendants state as follows:

## <u>ANSWER</u>

1.  Defendants admit Plaintiff attempts to state a claim related to particular copyrights Plaintiff purports to own. Defendants deny the remainder of Paragraph 1 to the extent it asserts any factual allegations against them.

2.  Defendants admit Plaintiff holds itself out as providing technology related products to senior living facilities. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 2 and therefore they deny the same. By way of further answer, Defendants deny that Plaintiff's source code, to the extent it may be proprietary to Plaintiff, is sufficiently original or creative to warrant federal copyright protection.

3.   Defendants deny the factual allegations of Paragraph 3. By way of further answer, Defendants have not accessed Plaintiff's source code without authorization; Defendants have not used Plaintiff's source code; Defendants have not "raided" Plaintiff's computer systems; Defendants have not stolen Plaintiff's alleged intellectual property. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 3 and therefore they deny the same.

4.   Defendants admit the factual allegations of Paragraph 4. By way of further answer, the breach of contract claim against Narbatovics in the State Court Action has been dismissed for failure to state a claim upon which relief may be granted.

5.   Defendants admit they moved to dismiss portions of Plaintiff's second amended complaint in the State Court Action for lack of subject matter jurisdiction based on preemption by the Copyright Act. Defendants deny that Plaintiff has any rights under the Copyright Act, and they deny that Plaintiff is entitled to any remedy against them for any alleged violation of the Copyright Act.

6.   Defendants admit the factual allegations of Paragraph 6, but only to the extent it is consistent with the Sheboygan County Circuit Court's ruling as reflected in the transcripts and records of said Court.

7.   Defendants admit Plaintiff attempts to state a claim under 17 U.S.C. §§ 101, *et seq.* Defendants deny each remaining allegation of Paragraph 7.

8.   Defendants admit the factual allegations of Paragraph 8.

9.   Defendants admit the factual allegations of Paragraph 9.

10. Defendants admit the factual allegations of Paragraph 10.

11. Defendants state that Paragraph 11 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in Paragraph 11, Defendants deny the same.

12. Defendants state that Paragraph 12 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in Paragraph 12, Defendants deny the same.

13. Defendants admit that Notify has conducted business in this District and that Notify was previously registered with Wisconsin to conduct business in Wisconsin. Defendants state that the remainder of Paragraph 13 contains only legal conclusions to which no response is required. To the extent any additional factual allegations are made or implied against Defendants in Paragraph 13, Defendants deny the same.

14. Defendants admit that Narbatovics resides in this District. Defendants state that the remainder of Paragraph 14 contains only legal conclusions to which no response is required. To the extent any additional factual allegations are made or implied against Defendants in Paragraph 14, Defendants deny the same.

15. Defendants admit that PalCare's principal place of business is located in this District. Defendants state that the remainder of Paragraph 15 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in the remainder of Paragraph 15, Defendants deny the same.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 16 and therefore they deny the same.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 17 and therefore they deny the same.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 18 and therefore they deny the same.

19. Defendants deny that Plaintiff's source code is entitled to protection under federal copyright law; Defendants deny that Plaintiff's "Nurse Call System" or "Networks Operation Center" are proprietary; Defendants lack sufficient information to affirm or deny the remainder of Paragraph 19 and therefore they deny the same.

20. Defendants deny that Plaintiff's source code is entitled to protection under federal copyright law. Defendants admit that Copyright Office publicly searchable records associate a registration number TX0009076129 with a work entitled "Pal Base 3 Version 3.1.50."  Defendants admit that Copyright Office publicly searchable records associate a registration number TXu002301641 with a work entitled "Device Test Suite." The Pal Base 3 Version 3.1.50 and Device Test Suite are hereinafter referred to as Plaintiff's Asserted Code.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 21 and therefore they deny the same.

22. Defendants admit Narbatovics was a PalCare employee.  Defendants admit that Plaintiff attempted to create an Executive Committee, which committee disbanded after a single meeting, performed no function, and had no authority or oversight. Defendants

lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 22 and therefore they deny the same.

23. Defendants admit Narbatovics was employed by Plaintiff between August 2008 and September 2020 and that his job duties included writing and overseeing the writing of source code. Defendants deny Plaintiff's Asserted Code is subject to protection under federal copyright law. Defendants further deny that Narbatovics stole Plaintiff's Asserted Code. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 23 and therefore they deny the same.

24. Defendants admit Narbatovics was employed as a software developer for Plaintiff. Defendants deny that Plaintiff's source code, green server, hardware, software, testing kits, and demo kits are subject to federal copyright protection, or are proprietary or confidential. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 24 and therefore they deny the same.

25. Defendants admit Notify and Plaintiff executed a marketed and sales agreement ("MSA"). Defendants further state that the terms of the MSA speak for themselves. Defendants deny that the substantive provisions of the MSA are as alleged by Plaintiff; Defendants deny that Plaintiff's alleged description of Notify's products and Plaintiff's products is accurate; Defendants deny that Notify's software application ("the Notify App") is part of Plaintiff's alleged proprietary system. By way of further answer, Defendants affirmatively state that the Notify App functions with a Notify Server, and

the Notify Server was configured to receives signals from Plaintiff's server before relaying them to the Notify App.

26. Defendants admit the factual allegations of Paragraph 26.

27. Defendants admit that Plaintiff has quoted a portion of the MSA, as originally written and prior to the parties declaring its provisions to be null and void. By way of further answer, Defendants deny that Plaintiff possesses any relevant intellectual property rights. Further, Defendants state that the terms of the MSA speak for themselves, not as interpreted by Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 27 and therefore they deny the same.

28. Defendants admit the factual allegations of Paragraph 28.

29. Defendants admit the factual allegations of Paragraph 29.

30. Defendants admit Gishcia previously worked for Plaintiff, and he began working for Notify prior to November 1, 2020. Defendants deny that Storm Medical, Direct Supply, Harbor Chase, or Notify are customers of Plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 30 and therefore they deny the same.

31. Defendants deny the factual allegations of Paragraph 31. By way of further answer, Defendants deny any implication that Notify relied upon Plaintiff to sell the Notify App; in fact, Plaintiff relied heavily on Notify to sell its products. By way of further answer, Defendants deny any implication that Notify unilaterally sought to terminate the MSA; in November 2020, both Notify and Plaintiff agreed to mutually

6

cancel the MSA, to make it null and void, and to return to a prior arrangement they had been working under since 2014. By way of further answer, Defendants deny the parties terminated the MSA; Notify and Plaintiff cancelled the MSA rendering its provisions inapplicable to at least post-cancellation activities.

32. Defendants state that Paragraph 32 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in Paragraph 32, Defendants deny the same. By way of further answer, Defendants deny that Plaintiff's Asserted Code is entitled to protection under federal copyright law; Defendants deny that Narbatovics was not authorized to access copies of Plaintiff's Asserted Code and to retain copies of Plaintiff's Asserted Code. Defendants further state that Narbatovics never accessed or copied Plaintiff's Asserted Code without Plaintiff's authorization and knowledge.

33. Defendants admit Narbatovics accessed Plaintiff's Asserted Code during and after his employment with Plaintiff. By way of further answer, Defendants deny any implication that he lacked authorization to access Plaintiff's Asserted Code during and after his employment with Plaintiff. By way of further answer, Defendants further deny that Narbatovics successfully or intentionally downloaded Plaintiff's Asserted Code following termination of his employment.

34. Defendants deny that Plaintiff's Asserted Code was ever secure; they deny that Narbatovics ever accessed Plaintiff's server or code without authorization or without Plaintiff's knowledge; Defendants deny that Narbatovics ever engaged in "a long-running and systematic raid of PalCare's [] server and code"; Defendants deny that

Plaintiff's source code was confidential or treated as such by Plaintiff; and they deny that Plaintiff's Asserted Code is entitled to protection under federal copyright law; Defendants deny that Joseph Hasenstein is in anyway qualified to conduct a "forensic analysis". Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 34 and therefore they deny the same.

35. Defendants deny the factual allegations of Paragraph 35. By way of further answer, Defendants deny that Narbatovics improperly accessed Plaintiff's server or Asserted Code; Plaintiff was aware of the fact that Narbatovics continued to have authority to access, and the ability to access, Plaintiff's Asserted Code following his employment with Plaintiff; Defendants deny that Plaintiff performed a "forensic analysis" of its alleged secure server. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 35 and therefore they deny the same.

36. Defendants deny the factual allegations of Paragraph 36. Defendants deny any implication that Narbatovics accessed Plaintiff's server without Plaintiff's knowledge and consent; Defendants likewise deny any implication that Narbatovics accessed or copied Plaintiff's Asserted Code without Plaintiff's knowledge and consent; Defendants deny the confidential status of Plaintiff's Asserted Code and they deny that Plaintiff's Asserted Code is entitled to protection under federal copyright law.

37. Defendants deny the factual allegations of Paragraph 37. Defendants deny the existence of a "systematic raid" and any alleged "discovery" by Hasenstein. Defendants

lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 37 and therefore they deny the same.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 38 and therefore they deny the same.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 39 and therefore they deny the same.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 40 and therefore they deny the same.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 41 and therefore they deny the same.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 42 and therefore they deny the same.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 43 and therefore they deny the same.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 44 and therefore they deny the same.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 45 and therefore they deny the same.

46. Defendants admit Narbatovics worked for a company whose name contained the term "Intrac," and that Narbatovics worked there before he joined Notify. Defendants deny that Narbatovics ever previously stated that he is a part owner of Intrac.

Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 46 and therefore they deny the same.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 47 and therefore they deny the same.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 48 and therefore they deny the same.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 49 and therefore they deny the same.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 50 and therefore they deny the same.

51. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 51 and therefore they deny the same.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 52 and therefore they deny the same.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 53 and therefore they deny the same.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 54 and therefore they deny the same.

55. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 54 and therefore they deny the same. By way of further answer Defendants admit that Narbatovics accessed Plaintiff's GitLab account after his employment with Plaintiff ended. However, Plaintiff knew, at least

based on repeated communications from Narbatovics to Plaintiff, of Narbatovics' post-employment access, and Plaintiff knew he had authority to access Plaintiff's GitLab account after his employment ended.

56. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 56 and therefore they deny the same.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the allegations of Paragraph 57 and therefore they deny the same.

58. Defendants deny that Narbatovics accessed anything in violation of the indicated TRO. Further Defendants state that any person with general internet access could have accessed Plaintiff's GitLab account through a public search on the internet prior to the end of April 2021. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 58 and therefore they deny the same.

59. Defendants admit that the draft e-mail of Narbatovics reproduced therein was voluntarily sent to Plaintiff by Notify, and that in the e-mail Narbatovics reminded Plaintiff that it had not removed Narbatovics' access to its GitLab account. Defendants deny Plaintiff's characterization of said e-mail to the extent it implies factual allegations against Defendants. Defendants further deny that Narbatovics successfully, fully, or intentionally downloaded code from Plaintiff's GitLab account after his resignation. Defendants further deny that any code on Plaintiff's GitLab account is entitled to copyright protection. Defendants lack knowledge or information sufficient to form a

belief about the truth of each of the remaining allegations of Paragraph 59 and therefore they deny the same.

60. Defendants admit that Narbatovics retained a MacBook laptop upon leaving his employment with Plaintiff. Defendants deny the remaining factual allegations of Paragraph 60. Further Defendants state that Plaintiff knowingly permitted Narbatovics to retain the MacBook computer containing Plaintiff's source code; Plaintiff knowingly permitted Narbatovics to access Plaintiff's source code after his employment with Plaintiff; and that Narbatovics' testimony is reflected in an official court transcript of a hearing held in Sheboygan County, Wisconsin, not as Plaintiff has interpreted it.

61. Defendants admit that Narbatovics deleted information from the subject MacBook Pro, but Narbatovics preserved all evidence prior to that deletion; Narbatovics deleted information from the MacBook Pro only because Plaintiff had requested him to do so; he informed Plaintiff of his intention to preserve evidence, return the evidence to Plaintiff, and wipe the MacBook Pro, all before he performed those actions; and Defendants have turned all such evidence over to Plaintiff. Further, Defendants state that Narbatovics' testimony is reflected in the official transcript of the hearing, not as Plaintiff has interpreted it. Defendants lack knowledge or information sufficient to form a belief about the truth of each of the remaining allegations of Paragraph 61 and therefore they deny the same.

62. Defendants admit that Notify began developing, in 2019, a product called Zurich, and that Narbatovics worked on the product beginning in November 2020. Defendants also admit that the Zurich product can be installed on site at a customer's facility.

Defendants deny that the Zurich product relays emergency signals from a hard-wired device; and they deny that Zurich transmits signals via the Notify App to end users. Further Defendants state that Robertson's testimony under oath is as memorialized in the official transcript of the respective proceeding, not as Plaintiff has characterized or interpreted it, and the transcript speaks for itself.

63. Defendants admit Narbatovics worked on writing code for the Zurich product and used the Python programming language to do so, and that his testimony confirmed these facts. Defendants deny the remainder of Paragraph 63. Further Defendants state that Narbatovics' testimony under oath is as memorialized in the official transcript of the respective proceeding, not as Plaintiff has characterized or interpreted it, and the transcript speaks for itself.

64. Defendants admit the factual allegations of Paragraph 64.

65. Defendants admit that Narbatovics testified about the Zurich product and its functionality. Defendants deny that Narbatovics' testimony confirmed the substance of the marketing video as alleged. Defendants deny the allegations of the first sentence of Paragraph 65, as it is an inaccurate quotation. Defendants admit that the video includes a diagram, as shown, but deny that diagram is "of how Zurich works." Defendants further deny that the Zurich product is similar to (or derivative of) Plaintiff's alleged "PalCare Server." Further Defendants state that Narbatovics' testimony under oath is as memorialized in the official transcript of the respective proceeding, not as Plaintiff has characterized or interpreted it, and the transcript speaks for itself.

66. Defendants deny the factual allegations of Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of any allegation related to anything Plaintiff learned and therefore they deny the same. Defendants deny the remaining factual allegations of Paragraph 67. Further Defendants state they have not solicited any alleged "PalCare clients," nor have Defendants copied, or otherwise used, Plaintiff's "PalBase 3 code" for any purpose, and Plaintiff's Asserted Code is not entitled to protection under federal copyright law.

68. Defendants deny the factual allegations of Paragraph 68. Further Defendants state that Plaintiff's Asserted Code is not entitled to protection under federal copyright law.

69. Defendants deny the factual allegations of Paragraph 69.

70. Defendants deny the factual allegations of Paragraph 70. Defendants further state that Defendants have never used the term "green server" in marketing Notify's products; Notify's products neither incorporate nor are they derivative of Plaintiff's products or source code; Plaintiff's "green server" does not run any source code; Plaintiff's Asserted Code is not entitled to protection under federal copyright law.

71. Defendants deny the factual allegations of Paragraph 71: Defendants deny that Storm Medical Equipment, Inc. is a customer of Plaintiff; Defendants deny that Notify approached John Storm as alleged; Defendants deny that Notify ever used the term "green server" in conversations with John Storm. Defendants further deny that Robertson confirmed any of the foregoing allegations as set forth in the Complaint.

72. Defendants deny the factual allegations of Paragraph 72. Defendants deny that Robertson testified that Notify tried to sell the Zurich product to Direct Supply, or that

Notify solicited Direct Supply by stating that Notify had a new product or "its own interface" that it previously did not have. Defendants deny that Direct Supply is a customer of Plaintiff. Defendants further state that since 2014, Notify has sold, marketed, and installed the Notify Server, which has always been able to transmit signals from a nurse call system to the Notify App – such interface is nothing new. Additionally, Defendants state that Robertson's testimony under oath is as memorialized in the official transcript of the respective proceeding, not as Plaintiff has characterized or interpreted it, and the transcript speaks for itself.

73. Defendants deny the factual allegations of Paragraph 73. Further Defendants state that Plaintiff's Asserted Code is not entitled to protection under federal copyright law.

74. Defendants deny the factual allegations of Paragraph 74.

75. Defendants deny the factual allegations of Paragraph 75. Further Defendants state that Plaintiff's Asserted Code is not entitled to protection under federal copyright law.

76. Defendants deny the factual allegations of Paragraph 76: Defendants deny that Plaintiff's source code was used to create, or incorporated into, any product of Notify; Defendants deny that Plaintiff has suffered any harm from Notify's development and offering of its Zurich product; Defendants deny that Plaintiff faces unfair competition from Defendants; Defendants deny that Plaintiff has any claim to any ownership of the Python coding language; and Defendants deny that the Notify Zurich product uses any "stolen" source code and deny that Narbatovics stole any source code of Plaintiff.

77. Defendants deny the factual allegations of Paragraph 77. By way of further answer, Defendants deny that Plaintiff's source code was used to create, or incorporated into, any product of Notify; Defendants deny that Plaintiff has suffered any harm; Defendants deny that Plaintiff faces unfair competition; and Defendants deny that Narbatovics stole, copied, distributed, modified, or created any derivative work from, any source code of Plaintiff.

### First Claim for Relief ~ Copyright Infringement

78. Defendants incorporate all prior responses set forth herein above to Paragraphs 1 to 77.

79. Defendants deny the factual allegations of Paragraph 79. Defendants deny that the Asserted Code are original or creative expressive works. Further Defendants state that the Asserted Code embodies solely functional components and no expressive components that are inseparable from said functional components; the Asserted Code is taken wholly from the public domain and predicated entirely on pre-existing, open-source, code; and the Asserted Code is not entitled to protection under federal copyright law.

80. Defendants deny the factual allegations of Paragraph 80. Further Defendants state that the Asserted Code is not entitled to protection under federal copyright law.

81. Defendants admit that Narbatovics had authorized access to the Asserted Code, and that Plaintiff continued to allow such access after Narbatovics resigned his employment with Plaintiff. Defendants deny that Notify ever had access to the Asserted Code.

82. Defendants deny the factual allegations of Paragraph 82. Further Defendants state that the Asserted Code is not entitled to protection under federal copyright law.

83. Defendants deny the factual allegations of Paragraph 83.

84. Defendants deny the factual allegations of Paragraph 84.

85. Defendants state that Paragraph 85 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in Paragraph 85, Defendants deny the same.

86. Defendants state that Paragraph 86 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in Paragraph 86, Defendants deny the same.

87. Defendants state that Paragraph 87 contains only legal conclusions to which no response is required. To the extent any factual allegations are made or implied against Defendants in Paragraph 87, Defendants deny the same.

## **AFFIRMATIVE DEFENSES**

In addition to those affirmative defenses asserted by Defendants herein above, either expressly or by implication, Defendants raise the following affirmative defenses to the Complaint:

1. Plaintiff is not the author of the source code nor the assignee of exclusive rights from the author of the source code for which Plaintiff seeks copyright registration and protection.

2.   Copyright Invalidity – The Asserted Code is not an original work of authorship independently created by Plaintiff, nor is the Asserted Code sufficiently creative to entitle such work to protection under federal copyright law.

3.   The Complaint fails to state a claim upon which relief may be granted.

4.   The Complaint, the claims and causes of action asserted therein, are barred, in whole or in part, by the doctrines of justification, estoppel, waiver, laches, and unclean hands.

5.   To the extent Plaintiff has suffered any harm, said in injury is the product of Plaintiff's own conduct or negligence.

6.   To the extent Plaintiff has suffered any harm, said in injury is the product of the conduct or negligence of third-parties or persons over whom Defendants had no control.

7.   Plaintiff is not entitled to injunctive relief because it has not suffered any harm, and will not suffer harm, let alone irreparable injury based on any action or inaction of Defendants.

8.   Plaintiff is not entitled to recover from Defendants remedies under the Copyright Act, including statutory damages, attorneys' fees, or costs, because of Plaintiff's untimely attempted registration of its alleged copyrights.

9.   Preemption - To the extent Plaintiff is asserting that any copyright registration and/or protection extends to operational or functional aspects of any of its source code, as alleged in many paragraphs of the Complaint, such claim is preempted by federal patent law.

10.  Copyright Misuse – Tying – Upon information and belief, Plaintiff has control over products (tying products, included its alleged "server") that have been installed at Notify customer locations, and Plaintiff has threatened at least some of such customers with deactivation or partial deactivation of those products unless those customers agree to purchase and/or utilize a software application provided by Plaintiff (the tied product) instead of a software application provided by Notify.  This activity constitutes impermissible and anti-competitive tying, thereby precluding any relief to Plaintiff.

11.  Merger – Plaintiff is using its purported copyright registrations to attempt to protect an idea, procedure, process, system, method of operation, concept, principle, or discovery, in violation of 17 U.S.C. § 102(b), or at least beyond the rights afforded by the U.S. Constitution and U.S. copyright laws.

12.  Fair use – reverse engineering – Plaintiff is not entitled to recover anything from Defendants related to Defendants' creation or involvement in the creation of the Notify Zurich product, even if the Asserted Code was reviewed or referenced in the process thereof (which has been denied above).

13. Scènes à Faire - Plaintiff claims that it provided a "diagram of how Zurich works," and that "diagram demonstrates the similarities between Zurich and the PalCare server."  Throughout its complaint, Plaintiff refers to alleged similarities of functionality between its product(s) and Notify's product(s).  However, these purported similarities are not protected by copyright and are standard or common for systems providing the indicated functionality.  The doctrine of Scènes à Faire precludes any recovery by Plaintiff.

14. No actionable conduct – Defendants, either jointly or severally, have not reproduced the Asserted Code.

15. No actionable conduct – Defendants, either jointly or severally, have not prepared derivative works based on the Asserted Code.

16. No actionable conduct – Defendants, either jointly or severally, have not distributed copies of the Asserted Code.

17. No actionable conduct – Defendants, either jointly or severally, have not performed the Asserted Code publicly.

18. No actionable conduct – Defendants, either jointly or severally, have not displayed the Asserted Code publicly.

## **COUNTERCLAIMS**

For their Counterclaims, Defendants incorporate by reference each factual assertion and defense set forth above. Further, Defendants state and allege as follows:

1. This is an action for a declaratory judgment that Plaintiff's alleged copyright rights are invalid and that Defendants have not infringed and are not infringing any copyright purportedly owned by Plaintiff, by reason of either Defendant's or both Defendants' creation, sales and/or use of the Notify Zurich product.

2. This Court has jurisdiction over the subject matter of this counterclaim pursuant to the Federal Declaratory Judgment Act, Title 28 United States Code §§ 2201 and 2202, and Title 28 United States Code § 1338.

3. The purported copyright registrations and underlying purported copyright rights related to the Asserted Code are invalid as the Asserted Code lacks the minimum amount of creativity.

4. Most of the Asserted Code was not created by (and is not original to) Plaintiff, but was rather sourced by or on behalf of Plaintiff from publicly available sources.

5. Upon information and belief, to the extent that any contribution was made by Plaintiff to the Asserted code, such contribution was not sufficiently creative to garner U.S. copyright protection.

6. Indeed, upon information and belief, to the extent that any contribution was made by Plaintiff to the Asserted code, such contribution was merely useful and not entitled to copyright protection.

7. Neither Defendant factually copied the Asserted Code.

8. Neither Defendant wrongfully copied the Asserted Code.

9. On information and belief, Plaintiff's copyrights on the Asserted Code do not prevent the creation, sales and/or use of the Notify Zurich product. The Zurich product makes fair and permissible use of independently created source code.

10. Plaintiff's filing of this suit has created an actual, substantial and judicable controversy between Plaintiff and Defendants concerning rights related to creation, sales and/or use of the Notify Zurich product. and similar software.

11. Upon information and belief, based on certified copies of the Asserted Code from the U.S. Copyright Office, the Asserted Code comprises 98,344 lines of source

code (only about 5,000 lines of which were deposited and are available from the Copyright Office (the "Code Deposits") written in the Python coding language, including about 30,000 lines of what appear to be media access control (MAC) addresses.

12. Upon information and belief, Plaintiff does not own any aspect of the Python coding language.

13. Notify's source code used in the creation, sales, testing and/or use of the Notify Zurich product consists of more than 1700 python source code files written in the Python coding language ("Zurich Code").

14. More than 160 randomly selected MAC addresses were selected from the Asserted Code and compared to all files from the Zurich Code; none were located in the Zurich Code.

15. Additionally, from the Code Deposits, more than 100 additional random text strings, in addition to the MAC addresses, were selected and compared to the Zurich Code, including many multi-word phrases. Only one multi-word phrase ("from datetime import datetime") was located in the Zurich code, but that phrase is directly related to Python functionality, *see* https://stackoverflow.com/questions/15707532/import-datetime-v-s-from-datetime-import-datetime (3/29/2013; last visited 4/25/2022).

16. Thus, the Asserted Code and the Zurich Code are not substantially similar.

17. Further, Defendants have not undertaken any actionable conduct, as indicated above in at least Affirmative Defenses 14-18.

18. Accordingly, Defendants seek a declaration of rights as between them and Plaintiff regarding the invalidity of Plaintiff's purported copyright rights and their noninfringement of same.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Court enter judgment against Plaintiff and in favor of Defendants, and issue an Order:

A. Dismissing with prejudice Plaintiff's Complaint in its entirety;

B. Granting Defendants relief under the Declaratory Judgment Act by declaring

    (i) that Plaintiff's purported copyright registrations are invalid based on

        (a) insufficient creativity;

        (b) insufficient originality; and/or

        (c) the useful article doctrine; and

    (ii) that Defendants have not infringed any copyright rights in the Asserted Code, as a result of the creation, sales, and/or use of the Notify Zurich product;

C. Awarding Defendants their costs and attorneys' fees as prevailing parties under 17 U.S.C. § 505; and

D. Awarding Defendants such further and equitable relief as the Court deems just and equitable.

## Jury Demand

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand and request a trial by jury of all claims and issues so triable.

23

Dated: 25 April 2022

Respectfully submitted,

By: ___s/Garet K. Galster_____
Garet K. Galster - WI Bar 1056772
Melissa A. Spindler - WI Bar 1050361
Jordan A. Liff – WI Bar 1124717

SMITH KEANE LLP
1130 James Drive, Suite 104
Hartland, WI 53029
Telephone: 262.563.1438
Facsimile: 262.563.1439
gkg@keaneip.com
mas@keaneip.com
jal@keaneip.com
docketing@keaneip.com

Joseph A. Larson
Joseph A. Larson Law Firm PLLC
310 4th Ave. S. – Ste 5010
Minneapolis, MN 55415
Telephone: 612.206.3704
jlarson@joelarsonlaw.com

Of counsel:
Andrew P. Muller
MULLER & MULLER, PLLC
310 Fourth Ave. South, Suite 5010
Minneapolis, MN 55415
Telephone: 612.604.5341
apmuller@themullerlawfirm.com

*Attorneys for Defendants*