**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

PALATIUMCARE, INC.,

                Plaintiff,

      v.

NOTIFY LLC AND LUCAS
NARBATOVICS,

                Defendants,

Case No. 22-CV-217-JPS

**RESPONSE OF THE REGISTER OF COPYRIGHTS**
**TO REQUEST PURSUANT TO 17 U.S.C. § 411(b)(2)**

In Orders filed on April 13 and May 1, 2023, pursuant to 17 U.S.C. § 411(b)(2), the Court requested advice from the Register of Copyrights ("Register") on the following questions:

1. Whether the Source Code can be considered a compilation or derivative work within the meaning of 17 U.S.C. §§ [1]01 and 409(9); and if so, whether [PalatiumCare, Inc.'s ("PalCare")] failure to disclose in its applications that the Source Code included some portion of preexisting and/or open source code would have caused the Register to refuse the applications.

2. Whether PalCare's failure to name Tod Geimer, Timothy Davis, and/or Terry Staiduhar as authors of the Source Code would have caused the Register to refuse the applications, and whether PalCare's supplementary registrations as to authorship are acceptable.[1]

The Register hereby submits her response. In sum, based on the legal standards and examining practices set forth below, the U.S. Copyright Office ("Copyright Office" or "Office") would not consider the Source Code to be compilations or derivative works. PalCare's failure to disclose that the Source Code included some portion of preexisting and/or open source code would not have caused the Register to refuse the applications for the works because the

---
[1] Order at 15 ("Order I"), ECF No. 95; Order at 2–3 ("Order II"), ECF. No. 99.

1

unclaimable portions identified do not constitute an appreciable amount of the Source Code. However, had the Office known of PalCare's failure to name Tod Geimer, Timothy Davis, and/or Terry Staiduhar as authors of the Source Code, it would have refused to register the computer programs. Nonetheless, the Office would accept the supplementary registrations filed by PalCare to correct the omissions in the original applications.

## BACKGROUND

**I.        Examination History**

A review of the records of the Office reveals the following:

**A.        Original Registrations**

On February 9, 2022, the Office received an application to register a computer program titled "Pal Base 3 Version 3.1.50" ("Pal Base"). The application identified PalCare as the work made for hire author and copyright claimant of the work. It stated that the work was completed in 2020 and first published in the United States on August 4, 2020. It did not identify the software as a derivative work or disclose that it incorporated preexisting material. Based on the information provided in the application, the Office had no reason to question the applicant's representations and accepted them as true and accurate. The Office registered the claim with an effect date of registration ("EDR")[2] of February 9, 2022, and assigned registration number TX 9-076-129 (the "'129 Registration").

On February 9, 2022, the Office received an application to register a computer program titled "Device Test Suite" ("Device Test"). The application identified PalCare as the work made for hire author and copyright claimant of the work. It stated the work was completed in 2020

---

[2] The EDR is the date the Office received a completed application, the correct deposit copy, and the proper filing fee. 17 U.S.C. § 410(d).

and that it was unpublished. It did not identify the work as a derivative work or disclose that it incorporated preexisting material. Based on the information provided in the application, the Office had no reason to question the applicant's representations and accepted them as true and accurate. The Office registered the claim with an EDR of February 10, 2022,[3] and assigned registration number TXu 2-301-641 (the "'641 Registration").

### B. Pending Supplementary Registration Applications

On March 21, 2023, the Office received two applications for supplementary registration to augment the information contained in the '129 and '641 Registrations for Pal Base and Device Test. For the '129 Registration, Plaintiff seeks to amend the registration record by adding Lucas Narbatovics as a work made for hire author, and Timothy Davis, Tod Greiner, and Terry Staiduhar as individual authors of the work. For the '641 Registration, Plaintiff seeks to amend the registration record by adding Lucas Narbatovics as a work made for hire author, and Timothy Davis and Terry Staiduhar as individual authors of the work.

The Office stayed its consideration of these two supplementary registration applications due to the ongoing litigation regarding the underlying registrations and the Court's request to the Office.

## II. The Court's Request

PalCare, which provides technology infrastructure for senior living facilities, alleges that the Defendants infringed its copyrights in two works of source code—Pal Base 3 Version 3.1.50 and Device Test Suite (together, the "Source Codes").[4] Defendants allege that PalCare

---

[3] Although the Office received the completed application and proper filing fee on February 9, 2022, the deposit copy did not meet the deposit requirements for registration of a claim in source code that contains trade secret material. On February 10, 2022, the applicant uploaded satisfactory deposit materials.

[4] Order I at 1.

knowingly included several inaccuracies in its applications to register the Source Codes, and filed a motion pursuant to 17 U.S.C. § 411(b)(2) for a referral to the Register to provide an opinion as to whether she would have refused to register the Source Codes if she had known of the inaccuracies.[5] In its April 13, 2023 Order, the Court held that Defendants Notify LLC and Lucas Narbatovics ("Defendants") sufficiently alleged that PalCare knowingly included two inaccuracies in PalCare's applications for the '129 and '641 Registrations to warrant a referral to the Register.

Specifically, although the parties disagreed about what percentages of the Source Codes were made up of preexisting open source code, it was undisputed that "some preexisting and/or open source code was included in the Source Code (or at least the Pal Base . . . code)."[6] The Court expressed uncertainty regarding whether the Source Codes therefore constituted compilations or derivative works within the meaning of the Copyright Act.[7] The Court therefore granted Defendants' motion for referral to the Register on the question of whether the Source Codes are compilations or derivative works and, if so, whether PalCare's failure to disclose in its applications that the Source Codes including preexisting code would have caused the Register to refuse the applications.[8]

Second, the Court held that Defendants "met their burden to show that the applications misstated the authorship of the Source Code."[9] The Court requested that the Register render an opinion on "[w]hether PalCare's failure to name Tod Geimer, Timothy Davis, and/or Terry

---

[5] *Id.* at 1–2.
[6] *Id.* at 13.
[7] *Id.* at 11–13. The Court described the question of whether the Source Codes qualify as a derivative work or compilation "is a subtlety on which the Register's expertise would be useful." *Id.* at 13.
[8] *Id.* at 15.
[9] *Id.* at 18.

4

Staiduhar as authors of the Source Code would have caused the Register to refuse the applications."[10] In an Order dated May 1, 2023, the Court clarified that it would also benefit from the Register's opinion as to "whether PalCare's supplementary registrations as to authorship are acceptable."[11]

## ANALYSIS

**I.     Relevant Statutes, Regulations, and Agency Practice**

An application for copyright registration must comply with the requirements of the Copyright Act set forth in 17 U.S.C. §§ 408(a), 408(d), 409, and 410.  Regulations governing applications for registration are codified at 37 C.F.R. §§ 202.1 to 202.24.  Further, principles that govern how the Office examines registration applications are set out in the *Compendium of U.S. Copyright Office Practices*, an administrative manual that instructs agency staff regarding their statutory and regulatory duties and provides expert guidance to copyright applicants, practitioners, scholars, courts, and members of the general public regarding Office practices and related principles of law.  The Office publishes regular revisions of the *Compendium of U.S. Copyright Office Practices* to reflect changes in the law and/or Office practices, which are provided for public comment prior to finalization.  Here, PalCare filed its original applications in 2022 and its supplementary applications in 2023.  Therefore, the governing principles the Office would have applied at that time of each filing are those set forth in the version of the *Compendium of U.S. Copyright Office Practices*, *Third Edition* that was first released in January 2021 and remains the current edition of the *Compendium*.[12]

---

[10] *Id.* at 19.
[11] Order II at 2–3.
[12] U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3d ed. 2021) ("COMPENDIUM (THIRD)" or "*Compendium*"), https://copyright.gov/comp3/docs/compendium.pdf.

5

### A. Identification and Exclusion of Unclaimable Material, Including Preexisting Material

A registration for any type of work, including a computer program, does not cover "unclaimable material." The *Compendium* defines "unclaimable material" as "[p]reviously published material," "[p]reviously registered material," "[m]aterial that is in the public domain" and "[c]opyrightable material that is owned by a third party."[13] The *Compendium* further provides that if a work "contains an appreciable amount of unclaimable material, the applicant should identify the unclaimable material that appears in that work and should exclude that material from the claim [by providing] . . . a brief, accurate description of the unclaimable material in the appropriate field/space of the application."[14] The applicant must also identify the new material it intends to register.[15]

In certain circumstances, however, unclaimable material does not need to be excluded. Significantly, the requirement only applies when the preexisting material comprises "an appreciable portion of the work."[16] The *Compendium* observes that "[i]f the applicant intends to register a work that contains a minimal amount of unclaimable material, the applicant need not identify or disclaim that material in the application."[17] Additionally, there is no need to exclude "material that is uncopyrightable, such as facts or mere ideas," or "quotations" from a preexisting work.[18]

---

[13] *Id.* § 621.1.
[14] *Id.* The *Compendium* provides detailed instructions and examples for identifying unclaimable material in the online application. *Id.* §§ 621.8(B), 621.8(E).
[15] *Id.* § 621.1.
[16] *Id.* § 621.2.
[17] *Id.*; *see also id.* § 621.9(A)(1).
[18] *Id.* § 621.2.

6

*1) Previously Published Material*

Where an applicant registers a work with "an appreciable amount of material that was published at any time before the application is submitted," including material owned by the applicant or a third party, "the applicant should exclude that previously published material from the claim."[19] The statute defines publication as the "distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending."[20] Likewise, "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."[21]

*2) Copyrightable Material That is Owned by an Individual or Entity Other Than the Claimant*

If an applicant intends to register a work that contains an appreciable amount of copyrightable material that is not owned by the claimant named in the application, that material should be excluded from the claim.[22] The applicant must make this determination on the date that the work is submitted for registration.[23]

*3) Compilations and Derivative Works*

Registration applications for claims to compilations and derivative works that incorporate an appreciable amount of unclaimable material must also be limited. The Copyright Act defines a "compilation" as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a

---

[19] *Id.* § 621.4.
[20] 17 U.S.C. § 101 (defining "publication").
[21] *Id.* To constitute publication, the offer must be made "by or with the authority of the copyright owner" and copies of the work must exist at the time the offer is made. COMPENDIUM (THIRD) §§ 1906, 1906.3.
[22] COMPENDIUM (THIRD) § 621.7.
[23] *Id.*

whole constitutes an original work of authorship."[24] The legislative history explains that "[a] 'compilation' results from a process of selecting, bringing together, organizing, and arranging previously existing material of all kinds, regardless of whether the individual items in the material have been or ever could have been subject to copyright."[25]

The Copyright Act defines a "derivative work" as:

> [A] work *based upon* one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work."[26]

Discussing this definition, Congress explained that creating a derivative work requires "a process of recasting, transforming, or adapting 'one or more preexisting works.'"[27] Generally, "a derivative work is a new version of a preexisting work or a work that is based on or derived from a preexisting work."[28]

The statutory requirements for copyright registration state that an application to register a compilation or derivative work must include "an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered."[29] The *Compendium* therefore requires applications for compilations and derivative works to identify preexisting and new or revised material if the works incorporate an "appreciable amount" of unclaimable material.[30]

---

[24] 17 U.S.C. § 101 (defining "compilation").
[25] H.R. REP. NO. 94-1476, at 57 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5670; S. REP. NO. 94-473, at 55 (1975).
[26] 17 U.S.C. § 101 (defining "derivative work") (emphasis added).
[27] H.R. REP. NO. 94-1476 at 57; S. REP. NO. 94-473 at 55.
[28] COMPENDIUM (THIRD) § 507.1.
[29] 17 U.S.C. § 409(9).
[30] COMPENDIUM (THIRD) § 621.1.

8

Identifying the new or revised material the author has contributed to a work and any material that is unclaimable "is essential to defining the claim that is being registered" and "ensures that the public record will be accurate."[31] If the work is registered, the registration will cover "the new material or revised material that the author contributed to that work," but not the unclaimable material that may appear in the program.[32] This means that a compilation or derivative work registration will not cover any previously published, previously registered, or public domain material.[33]

### B. Identifying the Author

An application for registration must include "the name . . . of the author or authors," unless the work is anonymous or pseudonymous.[34] The Supreme Court has explained that, other than in the case of a work made for hire, "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."[35]

When completing the "author" field in a registration application, "the applicant should only provide the name(s) of the author(s) [or work made for hire author] who created the copyrightable material that the applicant intends to register."[36] The author field is not intended to include the names of individuals whose contributions were "*de minimis* or uncopyrightable."[37]

---

[31] *Id.*
[32] COMPENDIUM (THIRD) §§ 507.2; 509.2.
[33] *Id.*
[34] 17 U.S.C. § 409(2).
[35] *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989); *see also* COMPENDIUM (THIRD) § 613.1.
[36] COMPENDIUM (THIRD) § 613.3.
[37] *Id.*

Likewise, the applicant should not include "the name of any person who created material that is not owned by the copyright claimant or material that the applicant does not intend to register."[38]

## C.     Identifying the Claimant

An application for registration must also include "the name and address of the copyright claimant."[39] If the work submitted for registration is a "joint work,"[40] then the applicant should provide the name of each author who contributed copyrightable authorship to that work, as well as the name of the person who owns or co-owns the copyright in that work.[41] If the applicant names all the joint authors as co-claimants, there is no need to provide a transfer statement that explains how the claimant obtained ownership of the copyright.[42] Likewise, no statement is required if all the joint authors are named as co-authors of the work, and if one or more—but less than all—of those joint authors are named as the claimant.[43] Joint authors jointly own the copyright in each other's contributions and each author owns an undivided interest in the copyright for the work as a whole.[44]

## D.     The Role of Supplementary Registration

A supplementary registration may be used to correct certain errors or amplify the information provided in a copyright registration.[45] The *Compendium* provides that a supplementary registration can be used to correct an error or omission in a basic registration

---

[38] *Id.* § 613.10(C).
[39] 17 U.S.C. § 409(1).
[40] A "joint work" is a "work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." *Id.* § 101 (defining "joint work").
[41] COMPENDIUM (THIRD) § 620.5.
[42] *Id.*
[43] *Id.*
[44] 17 U.S.C. § 201(a).
[45] *Id.* § 408(d); 37 C.F.R. § 202.6; COMPENDIUM (THIRD) § 1802.

involving the author(s) of the work.[46] For instance, missing authors and transfer statements may be added to the registration record with a supplementary registration.[47] A supplementary registration can also be used to "correct or amend the information that appears on the certificate of registration in the fields/spaces marked Author Created, Limitation of Copyright Claim, Nature of Authorship, and/or Material Added to This Work."[48]

If an application to correct or amplify the registration record is approved, the Office will prepare a certificate of supplementary registration that contains pertinent information from the application, create a public record that identifies and describes the changes or revisions that have been made to the registration, and assign a separate registration number and EDR[49] to the supplementary registration.[50] The Office will not cancel or replace the basic registration or the public record for that registration. Likewise, the Office will not change the information or EDR set forth in the basic registration. Instead, the basic registration and the supplementary registration, including their EDRs, coexist with each other in the public record because the "supplementary registration augments — but does not supersede — the information set forth in the basic registration."[51] The *Compendium* explains:

> The Office maintains both records to allow courts to decide (i) whether the changes made by the supplementary registration are material, and (ii) whether those changes

---

[46] COMPENDIUM (THIRD) § 1802.6(D).
[47] *Id.*
[48] *Id.* § 1802.6(J).
[49] The EDR for the supplementary registration "is the day on which an acceptable application and filing fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for supplementary registration, have all been received in the Copyright Office." *Id.* § 1802.12.
[50] *Id.* § 1802.10. The Office will also place a note in the public record for the supplementary registration that cross-references the registration number and the year of registration for the basic registration. *Id.* § 1802.11.
[51] *Id.* § 1802; 17 U.S.C. § 408(d).

11

should or should not be deemed effective as of the date that the basic registration was made or the date that the supplementary registration was made.[52]

The Office may decline to issue a supplementary registration when it is aware that there is actual or prospective litigation involving a basic registration (1) if the proposed change would be directly at issue in the litigation, and (2) if the proposed amendment may confuse or complicate the pending dispute.[53] In such cases, the Office typically stays its consideration of the supplementary registration application until the applicant confirms in writing that the dispute has been resolved.[54]

## **REGISTER'S RESPONSES TO THE COURT**

Based on the foregoing statutory and regulatory standards, and the Office's examining practices, the Register responds to the Court's questions as follows:

### Question 1

The first question asks whether the Source Codes can be considered a compilation or derivative work within the meaning of 17 U.S.C. §§ 101 and 409(9), and if so, whether PalCare's failure to disclose in its applications that the Source Codes included some portion of preexisting and/or open source code would have caused the Register to refuse the applications.

Based on the information provided in the April 13, 2023, Order, it does not appear that the Source Codes should be considered compilations or derivative works within the meaning of 17 U.S.C. §§ 101 and 409(9). Though PalCare conceded that Pal Base incorporates some preexisting and/or open source code, merely incorporating parts of preexisting works into a

---

[52] COMPENDIUM (THIRD) § 1802.12.
[53] *Id.* § 1802.9(G).
[54] *Id.*

larger work does not make the larger work a compilation or a derivative work *per se*.[55] As explained above, a compilation is "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged" in an original way.[56] The Source Codes here are not an assemblage of multiple preexisting materials. Deposition testimony from one Pal Base developer attested to taking "snippets" of open source code and modifying it to perform a specific task for Pal Base.[57] The authors made changes to the preexisting material and added entirely original material, such that the programs are not merely a compilation of preexisting materials or data. Likewise, the Source Codes do not appear to be derivative works. A derivative work is "a work *based upon* one or more preexisting works."[58] In this case, the developers did not recast, transform, or adapt any of the preexisting open source code. One PalCare developer testified to writing Pal Base "from scratch,"[59] which indicates that that work was not "based upon" any preexisting work.

However, the obligation to disclose or exclude unclaimable material is not limited to claims to compilations or derivative works. As discussed above, regardless of whether a computer program may be a compilation or derivative work, if the program contains an appreciable amount of unclaimable material, including material that was previously published or registered, and material owned by a third party, the applicant must identify the unclaimable

---

[55] Defendants do not make specific allegations regarding whether Device Test is a compilation or derivative work, or incorporates unclaimable material. Accordingly, the Register's response to Question 1 focuses its analysis on Pal Base.
[56] 17 U.S.C. § 101 (defining "compilation").
[57] Decl. of Brian C. Spahn in Supp. of Pl.'s Opp. to Defs.' Mot. For Referral to Reg. of Copyrights, Ex. A at 46:17–18, ECF No. 69-1.
[58] 17 U.S.C. § 101 (defining "derivative work") (emphasis added).
[59] Decl. of Brian C. Spahn in Supp. of Pl.'s Opp. to Defs.' Mot. For Referral to Reg. of Copyrights, Ex. A at 45:16, ECF No. 69-1.

material that appears in the work and exclude that material from the claim.[60] If the computer program contains only a minimal amount of unclaimable material, there is no need to exclude that material on the application.[61]

Based on the facts provided in the April 13, 2023, Order, and the Register's review of Defendants' expert's declaration, PalCare's "failure to disclose in its applications that the Source Codes included some portion of preexisting and/or open source code" would not have caused the Register to refuse the applications. Although the identified preexisting code may have been previously published or registered and was owned by third parties, that material does not constitute an appreciable amount of the Source Codes. PalCare's witness testified that less than one percent of the code used to develop the Pal Base 3 software was open source code, and the open source code that was used was "significantly modified."[62] Defendants' expert, Tian Zhao, described a number of instances in which the Pal Base code "follow[ed] the same design" as an open source file, appeared "coincidentally" or "substantially similar" to publicly available preexisting code, and was "pretty much the same design" or "used the same logic" as open source code.[63] That declaration does not make clear how much open source code, if any, actually appears in the Pal Base 3 code or demonstrate that any open source code appears in the Device Test code. Some of the examples provided in the declaration involve the use of method headers, definitions of regular expression, and calls to external functions, which may not be protectable by copyright.[64] While there is no bright-line rule for determining whether unclaimable material constitutes an appreciable amount of a computer program, based on the

---

[60] COMPENDIUM (THIRD) § 621.1.
[61] *Id.* § 721.8.
[62] Order I at 7.
[63] Decl. of Tian Zhao in Supp. of Defs.' § 411(b) Mot. at 2–3, ECF No. 83.
[64] *See id.*

14

evidence provided regarding the content and quantity of the open source code that appears in the Source Codes, the Office would not consider the open source code to constitute an appreciable amount of PalCare's Source Codes. Thus, had the Office known that Pal Base included some modified preexisting and/or open source code, as described in Mr. Zhao's declaration, it would still have registered the claim as submitted.

**Question 2**

Next, the Court asks whether PalCare's failure to name Tod Geimer, Timothy Davis, and/or Terry Staiduhar as authors of the Source Codes would have caused the Register to refuse the applications, and whether PalCare's supplementary registrations as to authorship are acceptable. Based on the standards explained above, the Register would not have registered the Source Codes had it known that PalCare failed to name all of the authors who contributed copyrightable authorship to the works. An application to register a work must identify all of the authors who contributed copyrightable authorship.[65] Accordingly, the registration specialist would have asked the applicant to identify all of the authors who contributed copyrightable authorship to the Source Codes submitted for registration.

Notwithstanding the foregoing, the Office would accept the supplementary registrations filed by PalCare to correct the omissions in the original applications. As explained above, a supplementary registration application can be used to correct an error or omission in a basic registration involving the author(s) of the work.[66] For example, if all of the authors were not named in the original registration, the names of the missing authors may be added to the registration record. Here, PalCare submitted supplementary registration applications adding

---

[65] COMPENDIUM (THIRD) § 613.1.
[66] *Id.* § 1802.6(D).

15

several authors who it states contributed copyrightable authorship to the Source Codes. The supplementary registration applications continue to name PalCare as the sole copyright claimant of the works, and do not provide transfer statements relating to ownership of the entire copyrights in the Source Codes. However, because the Source Codes appear to be joint works, PalCare is not required to provide a transfer statement,[67] and the supplementary registrations would be acceptable as submitted.[68]

Consistent with its practices, the Office has not acted on PalCare's supplementary registration applications due to this ongoing suit.[69] But after receiving the Court's order, the Office reviewed the supplementary registration applications. If the Court advises the Office that the supplementary registration application can proceed despite the pendency of the litigation, the Office will move forward with accepting the supplementary registrations.

If the Office issues PalCare's pending supplementary registrations, the registrations would be assigned new EDRs. It would then be within the Court's discretion to determine whether the errors in the original registrations were material and whether the amended registrations should be "deemed effective as of the date[s] that the [original] registration[s] [were] made or the date[s] that the supplementary registration[s] [were] made." The Court may, based on its assessment of the significance of the errors, deem the changes effective as of the original EDRs, rather than the EDRs of any supplementary registrations.

---

[67] As noted above, the authors of a joint work jointly own the copyright in each other's contributions. 17 U.S.C. § 201(a). For this reason, the Office will accept an application that names all of the joint authors as co-claimants or an application that names one or more (but less than all) of the joint authors as co-claimants. COMPENDIUM (THIRD) § 620.5.
[68] COMPENDIUM (THIRD) § 620.5.
[69] *See id.* § 1802.9(G).

**CONCLUSION**

After review of the available facts in this action and application of the relevant law, regulations, and the Office's practices, the Register hereby advises the Court that the Office would have registered the Pal Base source code as submitted had it known that it included a minimal amount of previously published material owned by third parties. However, had the Office known of PalCare's failure to name Tod Geimer, Timothy Davis, and/or Terry Staiduhar as authors of the Source Codes, the Office would have refused to register the works. The Office would accept the supplementary registrations filed by PalCare to correct the omissions in the original applications if the Court directs it to do so. Absent contrary direction from the Court, the Office will continue to stay PalCare's supplementary registration applications until resolution of the dispute, consistent with Office practices.

Dated: July 11, 2023

*Shira Perlmutter*
Shira Perlmutter
Register of Copyrights and Director of the
U.S. Copyright Office
(202) 707-8350
sperlmutter@copyright.gov